UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MANDY BRANNON, ) | |
|     PLAINTIFF, ) | |
| ) | |
| VS. ) | CIVIL ACTION NO. 08- |
| ) | |
| ) | JURY TRIAL DEMANDED |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC. ) | UNLAWFUL DEBT COLLECTION |
| ) | PRACTICES |
|     DEFENDANT. ) | |

**COMPLAINT**

**I. INTRODUCTION**

1.  Plaintiff Mandy Brannon alleges that Defendant engaged in abusive, deceptive, and unfair acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Telephone Consumer Protection Act. 47 U.S.C. § 227 et seq. (hereinafter "TCPA").  Specifically, Defendant, through the actions of its employees, left a series of prerecorded messages on Plaintiff's residential phone line in an effort to collect on a debt without her consent or authorization.  The messages did not give the required disclosure regarding Defendant's status as a debt collector nor did they mention that the communication was from a debt collector.

**II. JURISDICTION AND VENUE**

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1337 and diversity of citizenship.  Venue in this District is proper in that the Defendant transacted business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff is a natural person residing in the County of Jefferson, State of Missouri.

4. Defendant Portfolio Recovery Associates, LLC (hereinafter referred to as "Portfolio") is a Delaware limited liability company, doing business in the State of Missouri. Portfolio's principal place of business is located at 120 Corporate Blvd. Norfolk, VA 23502.

5. Defendant is engaged in the collection of debts from consumers using the mail, facsimile transmission and telephone. Defendant regularly attempts to collect consumer debts it purchases after default and/or consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. The acts of Defendant alleged hereinafter were performed by its employees acting within the scope of their employment with Defendant, and with its actual or apparent authority.

### IV. FACTUAL ALLEGATIONS

7. Plaintiff received 7 prerecorded phone messages on her residential phone line from Defendant between October 1, 2008 and December 12, 2008. Defendant was attempting to collect on a debt which Plaintiff allegedly owed to Southwestern Bell. The debt in question was a consumer debt as defined in 15 U.S.C. § 1692a(5).

8. Each call was received by Plaintiff on her home phone line which bears the following number: (636) 586-4346. Plaintiff has no pre-existing relationship with Defendant and never gave Defendant consent to contact her by leaving messages on her residential phone line through the use of an artificial or prerecorded voice. Plaintiff has retained,

preserved and transcribed the recorded phone messages which were received on Plaintiff's phone message recording device.

9. The full content of five of the seven prerecorded messages received on Plaintiff's phone voice message machine between October 1, 2008 and December 12, 2008 included the following information: "This call is from Portfolio Recovery Associates.  Please return"…at which point the message stopped.

10. The full content of two of the seven prerecorded messages received on Plaintiff's phone voice message machine between October 1, 2008 and December 12, 2008 included the following information: "This call is from Portfolio Recovery Associates.  Please return this call at 1-877-803-0008 at your earliest convenience."

## CAUSES OF ACTION

## VIOLATIONS OF THE FDCPA

11. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

12. Defendant's actions violated the FDCPA.  The violations include, but are not limited to, the following:

> (a) Defendant violated 15 U.S.C. § 1692e(11) when it left prerecorded messages on Plaintiff's residential phone which failed to indicate that the communication was from a debt collector;
>
> (b) Defendant's actions violated 15 U.S.C. § 1692f as they were unfair and unconscionable means to collect the debt.

13. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, and costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

C. For such other and further relief as may be just and proper.

## VIOLATIONS OF THE TCPA

14. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

15. Defendant's actions violated the TCPA.  The violations include, but are not limited to, the following:

> (a) Defendant violated 47 U.S.C. § 227(b)(1)(B) when it left prerecorded messages on Plaintiff's residential phone line on 7 separate occasions without Plaintiff's prior express consent;

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Damages pursuant to 47 U.S.C. § 227(b)(3);

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Mandy Brannon
**Mandy Brannon**

**THE SWANEY LAW FIRM**

/s/ Robert T. Healey
Robert T. Healey
EDMO # 3356; Missouri Bar #34138
Attorney at Law
3460 Hampton, Suite 205
St. Louis, MO 63139
rhealey@swaneylawfirm.com
telephone: (314) 481-7778
fax:  (314) 481-8479

4